**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WADE H. STANLEY,

    Plaintiff,

v.                                Case No. 3:03-cv-1050-J-20HTS

THE UNITED STATES OF
AMERICA,

    Defendant.
_____

**O R D E R**

    This cause is before the Court on the Motion for Sanctions Against the United States of America for Failure to Produce Documents (Doc. #37; Motion). The Motion is opposed by Defendant. United States' Response to Plaintiff's Motion for Sanctions Based Upon Non-Compliance with the Court's November 29, 2004 Order (Doc. #38; Opposition).

    Plaintiff requests sanctions be imposed against Defendant "for its failure to produce documents as ordered by this Court in its order dated November 29, 2004 (Doc. #26[; Order).]" Motion at 1. In the Order, Defendant was instructed to "fully respond to the discovery at issue within ten (10) days[.]" Order at 1. In addition, Defendant was instructed to provide a privilege log if it "persist[ed] in withholding responsive materials based on a claim of privilege[.]" *Id.* Plaintiff seeks sanctions pursuant to Rule 37(b)(2)(B), (C), or (D), Federal Rules of Civil Procedure

(Rule(s)), Motion at 4, following "Defendant's failure to provide a complete privilege log and failure to produce documents which it has promised to but yet failed to produce[.]" *Id.* at 3.

The United States responds that "the majority of the documents [Plaintiff] sought were aboard the USS John F. Kennedy, which was in the Middle East" until December 13, 2004. Opposition at 6 (capitalization omitted). Since that date, "the United States has worked to produce, identify, and organize all of the documents that are responsive to Plaintiff's . . . requests for production." *Id.* It is asserted that Plaintiff has been given "responsive documents for all of its disputed requests except numbers 16-20, 32, and 36-40." *Id.* at 7-8. Further, Defendant "continues to search for and determine whether any existing documents are responsive to Plaintiff's requests." *Id.* at 8. Thus, the United States maintains it has cooperated in discovery and "been diligent in its efforts to comply with the Court's Order." *Id.* With respect to Plaintiff's assertion it has failed to provide a complete privilege log, Defendant argues "[t]he only documents that are privileged are those the United States listed in [the] privilege log[.]" *Id.* No privilege is claimed for other documents. *See id.* at 9.

Rule 37(b)(2) provides "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made [compelling disclosure or discovery] . . . the court in which the action is pending may make such orders in regard to the failure as

are just . . . ." The specific sections of the Rule cited by Plaintiff in his request for relief, set forth as possible sanctions, "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;" Rule 37(b)(2)(B), "[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party;" Rule 37(b)(2)(C), or "[a]n order treating [the failure] as a contempt of court[.]" Rule 37(b)(2)(D).

The alternative sanctions listed in Rule 37 give the District Court "broad discretion to fashion appropriate sanctions for violations of discovery orders[.]" *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Under the Rule, "courts are to impose only such sanctions 'as are just.'" *Hawkins v. Fulton County*, 96 F.R.D. 416, 420 (N.D. Ga. 1982); *see also Chudasama*, 123 F.3d at 1366. "[T]he sanctions imposed should be 'no more drastic than those actually required to protect the rights of other parties . . . .'" *Hawkins*, 96 F.R.D. at 420 (quoting *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970)).

In light of the representations of the parties, it appears Defendant has, at least in part, failed to comply with the Order. Although a privilege log was produced as instructed, *see* Motion at

2; Opposition at 8-9, the United States acknowledges all documents responsive to the discovery requests were not provided to Plaintiff within the time allowed by the Court. *See* Opposition at 10-11. Yet, the documents at issue were unavailable for a period of time and Defendant has apparently been working to bring itself into compliance with the Order. It does not appear the delay will prejudice Plaintiff, especially in light of the fact the deadlines in this case have been extended. *See* Order (Doc. #54) (setting discovery deadline for September 16, 2005, and trial for the November 7, 2005, term). Thus, drastic sanctions such as contempt or the striking of pleadings would not be appropriate. However, as the vessel on which many of the documents were stored has been in port since December of 2004, *see id.* at 8, the Court is of the view the process of retrieving and producing them should now be complete.

Plaintiff also requests that the Court require Defendant to pay his attorney's fees. Motion at 4. Pursuant to the Rule, "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2)(E). The Court's discretion to impose sanctions is especially broad "when the imposition of monetary sanctions is

- 4 -

involved." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) (per curiam).

As Defendant has explained in the Opposition, the reason it did not fully comply with the Order within the time provided by the Court was that the documents were not available. *See* Opposition at 11 (documents had to come from the vessel which was deployed until December of 2004). The United States' actions were, as Defendant states, clearly "not designed to circumvent the . . . Order[.]" *Id.* Under the extraordinary circumstances presented, there was justification for the failure to produce discovery as directed by the Court. As such, monetary sanctions will not be imposed. That having been said, there shall be no further delay in furnishing the discovery. Defendant must allocate the necessary resources to complete its document search.

In light of the foregoing, the Motion (Doc. #37) is **GRANTED** to the extent that Defendant will be precluded from introducing at trial, in any hearing, or in any motion or response, any documents responsive to the discovery requests that have not previously been produced and which are not provided to Plaintiff within ten (10) days from the date of this Order. Otherwise, the Motion is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of May, 2005.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any